Thank you. One second, your honors. Good morning, judges. Bob Badsall representing the Appellant Town Center Flats. I'd like to reserve five minutes for rebuttal if I could. All right. Judges, as you know, there were two holdings by Judge Shapiro, the trial court in this matter, the bankruptcy judge. The first was that the Key Bank or the ECP is the assignee of Key Bank. ECP bought the paper from Key Bank. The first ruling that Judge Shapiro made was that the lien, regardless of whether redemption had occurred, had survived the by Fox Brothers. The second holding that Judge Shapiro made was that a redemption had occurred and because of that, this disputed property continued to be owned by Town Center Flats. It wasn't owned by Town Center Developments. It was owned by Town Center Flats and subject to the Key Bank or ECP lien. And just by really quick background, you've got contiguous property. You've got 53 apartment units, 47 of which the issue is that's the disputed property. Who owns it? With respect to the first holding by Judge Shapiro, we believe that he violated the full faith and credit clause of the Constitution and that he was required to give full faith and credit to the July 27, 2009, judgment of foreclosure by State Court Judge Switalski. The underlying bankruptcy case is all finished, right? Yes, sir. There's been a dismissal. My understanding, though, is even though the bankruptcy court has dismissed the underlying case, there's still appellate jurisdiction because the appeals had been filed prior to the dismissal. What significance is the ruling of this court on that? What happens if we rule in your favor, for instance? It's huge. I'm not sure if this court is aware, but the Sixth Circuit, a different panel, had made various rulings as to whether rents or cash flow from the apartment buildings, in this case, are property of the bankruptcy estate or not property of the bankruptcy estate. If these particular units are not subject to the lien of Key Bank, or ECP through Key Bank doesn't have a lien on it, and then those rents to the extent that the apartment complexes are owned by town center flats are unencumbered and are not property of ECP and can be used in a successful bankruptcy, I don't believe that it's moot. I don't believe that the approval mootness document would apply. This is being fought out vigorously in state court as to what happens as between the parties. We say, what you have asked this court to do is to say that the redemption was invalid. Actually, Judge, correct. There are kind of two issues. The extension. Correct. One issue is, did Judge Shapiro say, regardless of whether there's a redemption, Key Bank's lien survives. We think that Judge Switalski's July 2009 judgment of foreclosure, in which he granted Fox Brothers' motion for summary judgment as to priority over Key Bank, controlled Judge Shapiro's decision. The second issue, definitely the more important one, is was there a redemption? You've got two issues here. You've got a legal issue and a factual issue. As to the legal issue, it's twofold. One is, do the parties, private parties, do they have the power to extend a court-ordered redemption period? Then the second issue is, did they do it properly? As the court is aware from the briefings by the parties, there's a specific statute on point. MCLA 570.1121 subsection 3. One second, judges. That statute states, Title of construction lien act, title of the section, MCLA 570.1121, judgment of foreclosure redemption period, subsection 3. In the order for the foreclosure sale, the court shall fix a period for redemption. What Judge Shapiro said was, in Michigan, not like in all states, in Michigan there are two different ways to foreclose on a mortgage. One way is judicially, you go to court. The other is foreclosure by advertisement, which is non-judicial. What Judge Shapiro did was he cited to the cases, non-judicial foreclosure cases, where by definition there's no court involvement. What those cases say, which makes a ton of sense, is the parties can't agree amongst themselves to extend a redemption period. In the context of a non-judicial foreclosure, which is separately dealt with in Michigan under MCLA 600.3200 at SEC, that makes a ton of sense, but he didn't cite to, and we don't believe anyone could have cited to, anything under MCLA 600.3100, which deal with judicial foreclosure. Would it be possible for you to capture why that makes a difference? Who's harmed when it's a judicial? Is there some party that's not getting notice who will be unfairly treated by virtue of the parties agreeing to extend or to redeem in this way? Yes. Explain it without even citing the statute. What is your point? The point is you're talking about an interest in land. You're talking about the pleadings. Clearly, we're talking about real estate. Correct. I'm pretty much all sure about that. It's similar to a statute of frauds argument. It's that everyone knows what the deal is and everyone can govern themselves accordingly. With respect to... The parties are striking between them. Hurts whom? It could hurt any other party who might have interest. It did hurt? In your case, who was harmed by this outside-the-court deal? I believe who was harmed by outside-the-court deal is that it's been years of litigation to figure out who owns what. If the parties had just gone to court, had amended the judgment... They did not. Who legally was harmed by the absence of that knowledge, that the deal was struck for a different date? That's a very simplified... I appreciate it. I think the parties who were harmed, the issue would be creditors of people of either... Creditors who otherwise would have demanded or had a right to notice? Creditors who otherwise would have had a right to what's in the pot or not in the pot. Thank you. There's a statute, and as this court, I believe, is required to, and as Judge Shapiro was, it's essentially a diversity-type analysis. What would the Michigan Supreme Court decide in this type of situation? As the court is aware, Michigan courts will apply the plain language of the statute. The plain language of the statute is that the court shall fix a period for redemption. The cases that were cited were based on where you don't ever have any court involvement. I certainly understand as a policy matter that whether there is detrimental reliance or not in certain situations could be relevant, or may very well be relevant. In this case, though, you have a specific state statute, which we believe that the trial court judge was required to follow. To the extent that some sort of reliance issues are relevant, we think that probably would be something more that the Michigan legislative body would deal with. One issue is, with respect to redemption, as a legal matter, could it have been done? The other is, did they properly do it? Pursuant to the statute, it's set out in the judgment of foreclosure. It was not done that way. We don't think that procedurally that that was properly done. The other would be just... Is there a Michigan case that supports your position, or are you just going on the statutory interpretation? There are no cases on point in Michigan with respect to anything similar. That's why I'm just following the... Obviously, there's tons of case law. Michigan courts apply the plain language of the statute, so long as it's not ambiguous, and it's not ambiguous here. This is something that there is nothing on point. With respect to the... There's also the factual issue as to whether Judge Shapiro clearly erred by finding that a redemption occurred. We believe that he did for six reasons. Basically, the gist of it is the wrong people got the deed, the wrong people paid for the deed. It happened after the statutory period for there to have been an actual redemption. You've got a quick claim deed from Fox Brothers. You don't have any certificate of redemption. You've got a deed from Fox Brothers to Town Center Development. It's not to Town Center Flats, and Judge Shapiro had ruled that Town Center Flats was the owner of the property. The people who paid for it were not the people who were allowed to pay for it under MCLA 600.3140. Only certain people can redeem, but the gist of it is that you have a quick claim deed. You don't have the indicia of a redemption. You have the indicia of a transfer from Fox Brothers to Town Center Flats. Doesn't the record reflect that at least some of the parties or their attorneys made an effort to redeem, thought that a redemption occurred. There's some indication in court transcripts that have been cited and testimony of Mr. DiLorenzo. I think even Flats that maybe admitted that a redemption, the deadline had been extended. Actually Judge, if you look in our reply brief, actually our main brief, we had addressed that. If you look at the test, Fox Brothers lawyer Sherry Benefeld, Sherry Polish in 2012 before this litigation talked about it. What she said was, DiLorenzo, and actually he's in the audience today, he came into my office, he was confused, he didn't know what was happening. We don't think that there was a meeting of the minds in 2016. During the trial, there's also testimony consistent from Mr. DiLorenzo to that effect. The reality is in the state court, it was never an issue as to whether a redemption occurred or not. It didn't end up being an issue until in 2015, he got told by Shelby Township, by the way, you don't own the property. That's why it became. Time has expired to have your rebuttal. Thank you, sir. Thank you. Good morning, judges. May it please the court. Jeremy Friedberg on behalf of VCP Commercial 2 LLC. I think Mr. Basil is correct. There really are only two legal issues in this case. One is a pure legal issue with respect to whether redemption period can be extended by consent in a construction lien foreclosure action. Can one party waive the expiration of the redemption period? Also, Judge Shapiro's interpretation of whether or not KeyBank's lien survived a foreclosure if there was no redemption. That's a mixed issue of law and fact. I'd like to back it up just a little bit here. When the court is looking at the issues of the evidence in this case, you have to filter how Judge Shapiro saw this. What happened in this case was in 2009, there was a construction lien foreclosure that we believe was redeemed. The name on the construction lien claim was for an affiliate of the debtor in our case that owned by the same two individuals, Mr. DiLorenzo and his sister. From 2009 through 2016, Town Center Flats acted as if it were the owner of this property. This deed was never an issue. In 2012, Town Center Development filed its own bankruptcy. As noted by Judge Shapiro, Town Center Development did not schedule this property as its own property in its own bankruptcy. In 2015, when Town Center Flats filed, they also noted that this property in their bankruptcy schedules was their property. The basic question and the filter here is why in a bankruptcy would a debtor seek to redeem this property to an affiliate? I think Judge Shapiro read the evidence and the credibility of the witnesses correctly on questions of fact. I would just ask the court to bear that in mind when looking at whether Judge Shapiro had any clear error in his interpretation of the evidence. Based on the testimony and evidence in this trial, Judge Shapiro did determine that the parties intended to redeem it from the foreclosure and did redeem it from the foreclosure. On the issue that's reviewed by this court de novo, the issue of whether a lien holder can extend or waive the date of redemption under a construction lien, neither the debtor, ECP, Judge Shapiro, trial judge, Judge Oxholm, the judge sitting in reconsideration, or Judge rationale or case law barring an extension of the period for redemption. The sum of the evidence in this case carefully weighed by Judge Shapiro also makes it very clear that a redemption did indeed occur. The simple fact is that even if the courts find that there was no redemption here, ECP or KeyBank's mortgage remained in place based on Judge Shapiro's interpretation of the foreclosure order for several reasons, all which are correct. Do you have a good case from Michigan that approves of this sort of thing about agreement on redemption, or are you going on the statute yourself? I do. I am not going on the statute, sir. If the court indulges, I will get to the case. Most of the cases, there are no cases talking about construction lien at foreclosure redemption periods. There are a lot of cases that discuss foreclosure by advertisement, and there are cases that discuss judicial foreclosure as well. In the Pelston v. Planing Mill and Lumber Company versus Van Warmer, which is 198 Mish 648 at 654, that is a judicial foreclosure case, which is analogous to this case. There is really no difference in a judicial foreclosure other than the fact that there is a construction lien rather than a mortgage or a deed of trust. The procedure is basically the same. In fact, the Construction Lien Act refers back to the Judicial Foreclosure Act for execution process. The redemption language in all three statutes is exactly the same, in effect. There is no difference. The redemption is valid upon payment of the amount due, and when that is paid, the underlying foreclosure deed is voided. There is no interest. Those are all the same. Under all the foreclosure by advertisement cases, it is clear the parties can contract to extend the period, and under Pelston v. Planing, which is an analogous case under judicial foreclosure, in that case the holder of a sheriff's deed accepted payment after the redemption deadline had passed, and the Michigan Supreme Court held that the redemption was valid despite the passage of the redemption deadline. It makes sense from a policy standpoint as well why that would be the case. The only purpose of the Construction Lien Act is to get the construction lien or paid, and in this case it is especially clear, and Judge Shapiro noted this in his opinion, Mr. DiLorenzo testified that the underlying property was worth $1.8 million. The construction lien or accepted $32,500 even though it was owed more than that, but all the construction lien attached to was $32,000, and the parties continued to litigate over a judgment, a money judgment, for four years after that. So you ask yourself, if they couldn't have extended, why would they? Additionally, the Construction Lien Statute has no bar or requirement for an order or approval of redemption, and it makes sense because if the purpose of the statute is to get the construction lien or paid, and here the extension was from a Friday to a Monday to allow the debtor to get the money together to pay, it makes sense that the parties should be able to do that, and as Judge Cook correctly pointed out, who is harmed by this extension from a public policy standpoint? And I think Mr. Basel said other creditors might be harmed by this. However, if you look at the Michigan Statute 570.1121 and you go down to subsection 4, the court addresses the rights of lien claimants after the foreclosure sale, after redemption has not occurred. But if redemption occurs, there is no addressing of the claims of creditors because the original foreclosure sale is void, and it's as if it never happened. The other side suggested that because this so-called redemption occurred through a bunch of different checks, it really weren't the party who was supposed to be redeeming it anyway. Does that make any difference? It does not, Your Honor, and while not briefed and not as part of this case, we have litigated this issue in Macomb County Circuit Court, and Judge Viviano told the plaintiff in that case, which was not Town Center Flats, it was Town Center Development, that it doesn't matter who paid it. Mr. DiLorenzo tendered the funds. If they lent him money to pay this debt, he owes them the money. It's not their claim because they made a claim as if they had some equitable right to this property in state court. That case was dismissed out of hand. By Town Center Flats' own admission, the parties extended the redemption date. I would just file the weekend of the redemption. Redemption period expired on December 2nd. It was extended on December 2nd to December 4th. On December 3rd, Town Center Flats filed a motion in state court that said the redemption period has been extended to December 4th, and that's at the record at page 511. A motion says it's over instead of asking permission? Correct. The motion stated that the parties had extended the redemption period. Additionally, in their proposed findings of fact and conclusions of law, which is in the record at page 517, they again stated that the redemption period had occurred. In Mr. DiLorenzo's testimony in federal court, in bankruptcy court, he stated that the purpose of the December 4th payment was to get the Fox Brothers out of the picture. That's the record at 408 and 415. When asked whether he could give any reason for the conclusion that this was an arm's length transaction, in other words, Fox Brothers was selling it to him instead of redeeming it, he could not. That's the record at 406, 407, and 414, 416. When pressed on the issue, Mr. DiLorenzo responded that the purpose of his filing the motion to determine property of the state was to get away from you people and to keep the property in his family. Simple. That makes sense. That's why he filed this motion and that's why we're here today. Ms. Polish testified, who is Fox Brothers' attorney, she testified in bankruptcy court that the redemption date was extended and that they intended to accept the payment as redemption. Additionally, in the state court in 2012, in 2010 I believe, the letter from Ms. Polish to Mr. Kaur, who was debtor's counsel, who the debtor testified at the hearing, was always authorized to act on behalf of the debtor. That letter extended the redemption period. That was accepted by the court, entered into evidence. Ms. Polish testified at the hearing that that did occur and that the transcript that we put into evidence was correct. We have numerous examples where the parties agreed that the redemption period was extended and now they're taking an opposite position, obviously. Additionally, the fact that there was no final order under the Construction Lien Act Statute 1121 is further evidence that a redemption occurred. As I'm running out of time, I'm not going to run through the entire Construction Lien Statute, how the process works, but the final act in the Construction Lien Statute is under 1121.4. There has to be an order of sale. There was no order of sale in this case. The reason there was no final order is simple, because there was a redemption. There had to be a final order to extinguish liens. There has to be a final order to transfer title. Judge Shapiro acknowledged that this failure was further evidence of redemption. That's on the record page 1046 and 1047. Additionally, the deed in this case indicates that no transfer taxes were paid and the Register of Deeds recorded it without transfer taxes being paid. The deed is at page 1044. The relevant statute that requires payment of 207.526. Because this was a redemption, no taxes were paid. Once again, Judge Shapiro noted this was more evidence that the parties intended a redemption. Mr. Basil noted that the deed is made out to an affiliate, Town Center Development. I'm going to quickly address why the deed was made out to Town Center Development instead of Town Center Flats. The property in question is one building that was originally part of a larger 18-acre tract. The original owner of that property was Town Center Development. They transferred a small portion of that property to Town Center Flats in 2006. My client's mortgage is 2006. The tax ID for this property is still in the name of Town Center Development. The original notice of commencement for the condominium regime was in the name Town Center Development. The original claim of lien was in the name Town Center Development. The original contracting party with Fox Brothers was Town Center Development in 2007. Fox Brothers simply proceeded with the names that they had. Because these were affiliates and Mr. DiLorenzo treated them interchangeably, Fox Brothers simply dealt with the party whose name was on the tax map. That's in the record as well. Even if there was no redemption, even if the deed did transfer the property to Town Center Development, KeyBank's lien was not extinguished. When the court finds a superior lien, yes, they're supposed to note that under 1121.1.570. That's not mandatory. That's optional. Judge Shapiro specifically held that KeyBank's mortgage was superior and that the court's failure to determine that KeyBank had a superior interest was clearly an error. KeyBank's mortgage was filed two years before the construction lien suit. Tellingly, the foreclosure order was never served on KeyBank. That's important because under MCR2-.602.1.1, the foreclosure judgment that is not served within seven days is vacated. That's Petroff v. Petroff, 88 Michigan Ave. 18 at page 21. Additionally, as I stated, liens are not extinguished except when the final sale order is certified under 1121.4. I point the court to Leasing Inc. v. Joe Ra, LLC. That's an unreported decision, but it was attached to the pleadings as required by the local rules, and that case clearly holds that no liens are extinguished until a final order is entered. I am out of time. Thank you. Just with respect to some of the statements made by UCP's counsel, pursuant to 570.11.21, there needs to be an order confirming sale. I believe that on November 2, 2009, which was debtor's Exhibit T, we had provided a copy. What we did provide was admitted into evidence of the order confirming sale. What about the taxes and things the counsel tells us should have been, they would be evidence of this? Actually, that's a great point, but I think it goes the other way. That's just sometimes how lawyers are. A redemption is not, our position, and I think most people's position would be a redemption is not a transfer. What happens is I owe you money, you foreclose on my property, I pay you, I keep it. It's not a transfer. So the fact that on this quick claim deed, and it's a deed, it's not anything else, the fact that on this quick claim deed it says that there's a transfer exception makes me, personally, makes me think that it was not something that was intended as a redemption, because if it was intended as a redemption, it was never contemplated that there would be a transfer. The fact that it's there, to me, lends support to this quick claim deed was actually a transfer. It is what it said it was. It was a transfer of the property to Town Center Development. If it had been, because a redemption is not a transfer, you know, at the trial court the issue was, there's a piece of paper, there's this December 4, 2009 quick claim deed from this company called Fox Brothers to this company called Town Center Development. And the issue was, okay, what is it? And so the ECP's position is, oh, it's evidence of a redemption. Our position is, it is what it says it is, it's really a transfer, and... Is what it says it is, and then you say, it's really a transfer. It doesn't sound like it's patent. Correct. And the fact that it says, you don't have to pay taxes on this transfer, is consistent with what I'm saying, which is that it's a transfer. If it's what ECP is saying, you wouldn't need to put that piece, you wouldn't need to say that this transfer is... Is what Judge Sapiro, how he read it. Well, no, I mean, that's the problem. I wouldn't be here, he would be here, or I wouldn't be, we would be on other sides. I gotcha. So as a factual matter... You have to wrestle with that. No, and clearly. And so, you know, there's the legal issue of can they do it, and then there's the factual issue of, you know, is this what happened? And, you know, with respect to, you know, Judge Silo, you said, hey, is there a case? And ECP said, there is a case. And what that case was not mentioned, it's a 1917 case. It was a statute, it was dealt, it was not a court... This is different. So this was a 1917 case, and it dealt with an execution loss redemption period. And there, there's a specific, certain amount of time you've got a year to redeem. It's statutory. In this, it doesn't say the court, through an order, has to set deadlines. And so in our situation, you've got a statute, clearly you've got the statute, 570, you know, 1141 subsection 3, the court shall set it in the judgment of foreclosure. I've got a cold, and I could have called up Mr. Friedberg, who is a very good attorney, good person to deal with, and said, why don't we have oral argument in two days? We can agree to whatever we want to agree to, but when court intervention is required, we need to go to court in order for the court to weigh in on it. And in this situation, you had, you know, the plain language of the statute, and I understand policy issues, plain language of the statute, it's done a certain way. It wasn't done pursuant to the statute. As to the policy question, as to so what, you know, we're dealing with, that's why we have a statute of frauds, that's why we have statute of frauds with respect to real estate transactions. So everyone can look at one piece of paper, the four corners of the document, to see what was transferred, what wasn't transferred, who has whatever rights. And here, I mean, ECP very well could have been harmed by this lack of paperwork as well, because it bought the paper from KeyBank, and it's, you know, if KeyBank had done what it should have, which would have been to have actually been a party to the state court litigation, could have redeemed itself, it could have made a protective advance, it could have done all these things, but for the same reason why typically with real estate transactions, we require things to be in writing, and also typically we follow court orders, that wasn't done in this case, and it's been a five-year mess. Okay, thank you, Mr. Basile. Thank you, sir. Appreciate your arguments today, both of you. The case will be submitted, and you may call the final case set for argument today.